## In re AMERICAN AUSTIN CAR CO., Inc.
### No. 18805.

District Court, W. D. Pennsylvania.
Aug. 23, 1935.

Woodruff & Ward, of Atlanta, Ga., for purchaser, R. S. Evans.

Moorhead & Knox, of Pittsburgh, Pa., for trustee, R. O. Gill.

Moorhead & Knox, of Pittsburgh, Pa., for American Austin Car Co., Inc.

Rose, Bechman & Dunn, of Pittsburgh, Pa., for Industrial Investment Co. of Indianapolis, Ind., and Pittsburgh, Pa.

Zeno F. Henninger, of Butler, Pa., and Philip C. Henninger, of Pittsburgh, Pa., for Dallas E. Winslow, Inc.

John F. Tim, of Pittsburgh, Pa., for Pullman-Standard Car Mfg. Co.

GIBSON, District Judge.

The American Austin Car Company, Inc., filed its petition under the recently adopted section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). After operation for a considerable time, it developed that there was no possibility of reorganization and

the company withdrew its petition and prayed for a liquidation of its assets.

Thereafter, R. S. Evans made an offer to purchase, at private sale, personal assets of the company. Notice of this offer was given the creditors and the 20th inst. fixed as the date for hearing thereon. On that date, no creditor appeared in opposition to the offer, but Max Goldberg and M. A. Riddle, doing business under the style of the Industrial Investment Company of Indianapolis, appeared with counsel and stated that they desired to increase the offer of R. S. Evans, in amount of $5,000, by at least an additional $5,000. The court thereupon continued the matter until the 22d inst.

On the following day, however, counsel, a reputable member of the bar of this court, who had represented Goldberg and Riddle when their verbal offer was made, appeared and informed the court that his clients did not desire to proceed further in the matter. Thereupon, an order confirming the sale to R. S. Evans was presented and signed by the court.

On the 22d inst., however, Goldberg and Riddle appeared, with other counsel, and filed the present petition herein, alleging misunderstanding of their position on the part of their original counsel and offering to increase their offer to the sum of $35,000.

It will be noted that no creditor has appeared in opposition to the Evans offer and in favor of the Goldberg and Riddle offer.

The American Austin Car Company, Inc., is hopelessly insolvent. It has a mortgage upon its plant considerably over $100,000, with the interest long due. It has a debenture note issue of $900,000 and other large unsecured indebtedness.

The addition to the offer of Evans would mean a practically negligible increase in the amount to be distributed to each of the many creditors of the debtor. That amount, in the judgment of the court, and in, what is of more importance, the judgment of the creditors themselves, would be more than offset by disadvantages. Its acceptance would bring about a lawsuit with the mortgagee in respect to the assets covered by the mortgage. It would also cause the junking of the plant as opposed to its operation and the employment of a considerable amount of labor.

As stated, no creditor has appeared in opposition to the offer of R. S. Evans and so far as the court knows, all creditors favor its acceptance. A number of such creditors have informally requested the court to confirm the sale and have opposed the petition of Goldberg and Riddle.

In view of all the foregoing circumstances, we have felt it to be our duty to maintain the order approving the sale to R. S. Evans and to refuse the petition of Goldberg and Riddle.